IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA CLIFTON, | * |
| | * |
|     Petitioner, | * |
| | * CRIMINAL NO. 21-00134-JB-B |
| vs. | * CIVIL ACTION NO. 23-00055-JB-B |
| | * |
| UNITED STATES OF AMERICA, | * |
| | * |
|     Respondent. | * |

## REPORT AND RECOMMENDATION

Pending before the Court are Petitioner Angela Clifton's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. 85), the Government's response in opposition (Doc. 92), Petitioner Clifton's reply (Doc. 94), and the Government's supplemental position in response to the motion (Doc. 121). This matter has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Upon consideration, the undersigned hereby recommends that Petitioner Clifton's amended § 2255 motion (Doc. 85) be **GRANTED in part** and **DISMISSED without prejudice in part.**

### I.    BACKGROUND

In July 2021, a federal grand jury in the Southern District of Alabama issued an indictment charging Petitioner Angela Clifton

("Clifton") with three counts of wire fraud, in violation of 18 U.S.C. § 1343. (Doc. 1). The indictment alleged that Clifton had carried out a multi-year scheme to defraud her former employer of more than $100,000 by making unauthorized purchases using company credit cards, issuing herself additional paychecks without authorization, falsely claiming to make certain 401(k) contributions in order to receive matching employer contributions, and falsely claiming to deduct certain amounts from her paychecks to repay 401(k) loans. (Id. at 1-2).

In April 2022, Clifton entered a plea of guilty to all three counts of the indictment without a plea agreement. (Docs. 47, 90). At Clifton's sentencing hearing in September 2022, the Court sentenced Clifton to twenty-four months of imprisonment to be followed by three years of supervised release, but it withheld making a finding on restitution to allow the parties to either reach an agreed figure or submit hard evidence in support of their asserted figures. (Doc. 91).

On November 4, 2022, the Government filed its position regarding restitution, which asserted that Clifton owed $206,219.09 in restitution to her former employer. (Doc. 69). Defense counsel did not file Clifton's position regarding restitution by the November 4, 2022 deadline. Accordingly, on November 9, 2022, the district court imposed a judgment consistent with the previously pronounced sentence and ordered restitution in the amount of

$206,219.09.    (Docs. 70, 71).    Clifton did not file a notice of appeal of her conviction or sentence.

On February 10, 2023, Clifton filed a *pro se* motion under 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.[1] (Doc. 75).    The Government filed a motion for a more definite statement asking the Court to require Clifton to file an amended § 2255 motion.    (Doc. 82).    The Court granted the motion and ordered Clifton to file an amended § 2255 motion.    (Doc. 84).    On July 10, 2023, Clifton filed an amended § 2255 motion raising eighteen grounds for relief, most of which are predicated on Clifton's assertion that her counsel provided constitutionally ineffective assistance and effectively abandoned his representation of her. (Doc. 85).    The Government filed a response in opposition to Clifton's amended § 2255 motion.    (Doc. 92). Clifton filed a timely reply.    (Doc. 94).

In March 2026, the Court entered an order setting an evidentiary hearing in this matter to address the following issues:

> (1) whether Petitioner Clifton, in fact, requested her counsel to file a direct appeal sufficient to trigger counsel's duty to do so, (2) if Clifton neither specifically directed her attorney to appeal nor affirmatively directed her attorney not to appeal, whether counsel consulted Clifton in a reasonable effort to determine the client's wishes, and whether counsel acted in accordance with those wishes, and (3) if counsel did not consult with Clifton under Question 2, whether counsel had a duty to do so either because (a) a rational

---

[1] Clifton was not incarcerated when she filed her initial § 2255 motion.    (See Docs. 74, 75).

3

defendant would have wanted to appeal, or (b) Clifton reasonably demonstrated to counsel that she was interested in appealing.

(Doc. 110).[2]  The Court appointed counsel to represent Clifton for purposes of the evidentiary hearing.  (Docs. 111, 112, 116, 117).

On June 26, 2026, two weeks prior to the scheduled evidentiary hearing, the Government filed its supplemental position in response to Clifton's amended § 2255 motion, which states the following:

> Under "Ground Fourteen," Clifton claims that her trial "[c]ounsel was constitutionally ineffective when he failed to file a direct appeal after Clifton asked him to do so." [Doc. 85, PageID.556].  After further review and in the context of this case, the United States does not contest Clifton's claim that her trial counsel failed to file a direct appeal despite her request.  As such, an evidentiary hearing on this issue is no longer necessary and the remaining claims in Clifton's motion to vacate are rendered moot.

(Id.).

## II.  DISCUSSION

Among other claims, Clifton contends that she was denied effective assistance of counsel when her retained counsel, Kenneth Nixon, failed to inform her of the final judgment that was entered on November 9, 2022, and "failed to file a direct appeal after

---

[2] The Court noted that it was liberally construing grounds thirteen and fourteen of Clifton's *pro se* amended § 2255 motion to raise claims that Clifton's counsel was ineffective for (1) failing to adequately consult with her regarding whether to appeal and (2) failing to file a notice of appeal despite being asked to do so. (Doc. 110 at 1 n.1).

4

Clifton asked him to do so." (Doc. 85 at 13-14). Clifton alleges that she only became aware of the entry of the judgment when her sister notified her on November 28, 2022. (Id. at 13). Clifton states that she called and emailed attorney Nixon multiple times beginning on the morning of November 28, 2022, but he did not answer or return her calls or messages until late on the afternoon of November 30, 2022. (Id.). At that time, Clifton alleges that she "asked counsel, 'Can you file an appeal,' and counsel responded 'No, we are not there yet.'" (Id.). Clifton states that attorney Nixon "did nothing to correct his error" and took no further steps to consult with her about an appeal or to file a notice of appeal. (Id. at 13-14).

It is a "well-settled rule that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." Gomez-Diaz v. United States, 433 F.3d 788, 791-92 (11th Cir. 2005); see Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). Thus, such an omission, if proven, constitutes constitutionally deficient performance as a matter of law. Additionally, it is clear that "to satisfy the prejudice prong of the Strickland test, a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only

5

demonstrate that, but for the attorney's deficient performance, he would have appealed." Gomez-Diaz, 433 F.3d at 792. In other words, to establish prejudice arising from counsel's failure to appeal when instructed to do so, a defendant need merely show "a reasonable probability that he would have appealed without regard to the putative merits of such an appeal." Thompson v. United States, 504 F.3d 1203, 1208 (11th Cir. 2007).

Furthermore, "counsel generally has a duty to consult with the defendant about an appeal" such that even "where a defendant has not specifically instructed his attorney to file an appeal, [courts] must still determine 'whether counsel in fact consulted with the defendant about an appeal.'" Id. at 1206 (quoting Flores-Ortega, 528 U.S. at 478); see also Devine v. United States, 520 F.3d 1286, 1288 (11th Cir. 2008) (per curiam) ("[E]ven if the client does not directly request an appeal, counsel generally has a duty to consult with him about an appeal."). "[A]dequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." Thompson, 504 F.3d at 1206 (emphasis in original). The duty of consultation is triggered when "(1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing." Id. at 1207.

6

In its original response to Clifton's amended § 2255 motion, the Government argued that Clifton's appeal-related ineffective assistance claims should be denied because she had not established "any grounds on which her counsel could have raised a meritorious appeal." (Doc. 92 at 18). However, such response failed to recognize that "[i]f the evidence establishes either that Petitioner's attorney acted contrary to his client's wishes, or that he failed to fulfill his duty to attempt to determine his client's wishes, prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal . . . ." Gomez-Diaz, 433 F.3d at 793; see also Garza v. Idaho, 586 U.S. 232, 235 (2019) (noting that "when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims.'") (quoting Flores-Ortega, 528 U.S. at 484).

After the Court set an evidentiary hearing in this case to determine whether Clifton in fact requested her counsel to file a notice of appeal and/or whether counsel adequately consulted with Clifton about filing an appeal, Clifton's appointed counsel requested that subpoenas be issued and served on Clifton's former counsel in order to obtain evidence of his communications with Clifton, among other things. (Doc. 118). Counsel for the

Government also reached out to Clifton's former counsel to obtain information relevant to the evidentiary hearing and, in doing so, confirmed that attorney Nixon would not be able to dispute Clifton's allegations regarding his failure to consult with her about an appeal and file an appeal as requested. Accordingly, after further reviewing the case and consulting with attorney Nixon, the Government filed a supplemental response stating that it does not contest Clifton's claim that her former counsel failed to file a direct appeal despite her request. (Doc. 121). Since the Government does not dispute Clifton's claim that her trial counsel failed to file a direct appeal despite her request, and nothing in the record contradicts Clifton's allegation, the undersigned finds that Clifton's amended § 2255 motion should be granted, but only to the extent that she be permitted to pursue an out-of-time appeal.[3]

---

[3] The undersigned recognizes that if counsel would have acted on Clifton's request and filed a notice of appeal on November 30, 2022, the filing of the notice of appeal would have been untimely and thus would have required the filing of a motion with the district court requesting leave to file an out-of-time appeal. See Fed. R. App. P. 4(b)(4). However, Clifton's claim is also based on her counsel's alleged failure to consult with her about an appeal to attempt to determine her wishes in a timely manner. Given that the record indicates that Clifton disputed the Government's restitution figures which were ultimately adopted by the district court, the Court concludes that there were circumstances known to defense counsel from which he should have concluded that a rational defendant would want to appeal, and that counsel should have been aware of Clifton's likely desire to appeal the judgment. Moreover, under the circumstances alleged, it seems there is a reasonable probability that the district court would have granted permission to file an untimely notice of appeal had one been requested. See United States v. Rivas, 450 F. App'x 420,

Ordinarily, a district court must "resolve all claims for relief raised in a petition for writ of habeas corpus . . . regardless of whether habeas relief is granted or denied." Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc).  However, in this context, where a § 2255 petitioner claims she has been denied the right to a direct appeal, the Eleventh Circuit "think[s] the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal."  McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002).  Although a court could consider the remaining claims on the merits, as Clisby usually requires, such an approach might entail "significant inefficiencies."  Id.

The procedure the Eleventh Circuit has developed when a district court concludes that an out-of-time appeal is the appropriate remedy in a § 2255 proceeding is as follows: the district court should (1) vacate the criminal judgment from which the petitioner seeks to appeal; (2) reimpose the same sentence; (3) upon reimposition of that sentence, advise the petitioner of all the rights associated with an appeal from any criminal sentence;

---

429 (5th Cir. 2011) (per curiam) (finding prejudice in a case involving counsel's failure to timely consult with petitioner about filing an appeal and counsel's disregard of petitioner's request to appeal that was made after the appeal deadline because there was a reasonable probability the district court would have granted permission to file an out-of-time notice of appeal based on the record).

and (4) advise the petitioner of the time for filing a notice of appeal from the reimposed sentence under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure. United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). The purpose of this "remedy is to restore the defendant to the same position that he would have been in had his lawyer filed a timely appeal on his behalf." United States v. Palacios, 516 F. App'x 734, 738 (11th Cir. 2013) (per curiam) (citing McIver, 307 F.3d at 1331). Notably, a district court may carry out this procedure without convening a hearing. United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005) (per curiam); United States v. Martin, 206 F. App'x 893, 897 n.3 (11th Cir. 2006) (per curiam).

Accordingly, for the reasons set forth above, Clifton's amended § 2255 motion should be granted in part, so as to allow her to pursue an out-of-time appeal, and denied without prejudice as to all remaining claims. See McIver, 307 F.3d at 1331 n.2 (stating that where the district court grants a § 2255 petitioner's claim seeking an out-of-time appeal, "the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal"); Jones v. United States, 2008 U.S. Dist. LEXIS 32741, at *1-2, 2008 WL 1806202, at *1 (M.D. Ala. Apr. 21, 2008) (granting § 2255 petitioner's request

10

for relief to the extent he sought to file an out-of-time appeal, and dismissing remaining claims for relief without prejudice).[4]

### III. CONCLUSION

Accordingly, it is recommended that Petitioner Clifton's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. 85) be **GRANTED in part** and **DISMISSED without prejudice in part** as follows:

1.    That Clifton's motion be granted with respect to grounds thirteen and fourteen to permit her to file an out-of-time direct

---

[4] Clifton's appointed counsel asks the Court to hold her remaining claims under § 2255 in abeyance pending the outcome of the direct appeal rather than dismissing those claims without prejudice and with leave to refile after the conclusion of her direct appeal. Upon consideration, however, the undersigned concludes that the remaining claims should be dismissed without prejudice rather than held in abeyance. Notably, the outcome of Clifton's direct appeal might render some of her existing collateral claims moot or unnecessary or at least require some of those claims to be repleaded. In other words, if Clifton's appeal is not entirely successful, the claims she chooses to pursue in a new § 2255 motion may look different than those asserted in her pending § 2255 motion. Thus, in addition to the changes proposed in Clifton's pending motion to amend ground twelve, there may be other claims that she seeks to add, omit, or clarify in a post-appeal § 2255 motion. A comprehensive post-appeal § 2255 motion would be a more orderly manner in which to handle Clifton's post-appeal collateral claims rather than possible piecemeal requests to amend her existing § 2255 motion. While the Court acknowledges defense counsel's concerns about further delay in resolving this matter, the undersigned concludes that dismissal without prejudice will serve the interests of judicial efficiency and clarity and is not likely to cause a significantly (if any) greater delay than that associated with resolving Clifton's pending motion for leave to amend and determining whether any other existing claims are to be withdrawn or amended following the outcome of the direct appeal. Accordingly, the undersigned submits that dismissal without prejudice is the better option under the circumstances.

11

appeal with the Eleventh Circuit Court of Appeals, and more specifically:

    a.   That the judgment in Clifton's criminal case (Doc. 71) be vacated;

    b.   That the same sentence then be reimposed and the identical judgment in the criminal case be re-entered;

    c.   That Clifton be advised that she must file any notice of appeal from the re-entered judgment within the fourteen-day period provided by Fed. R. App. P. 4(b)(1)(A); and

    d.   That Clifton be advised that she has the right to appeal from the re-entered judgment in the criminal case and that if she cannot afford a lawyer, one will be appointed for her.

2.   That the remaining claims for relief in Clifton's amended § 2255 motion be **DISMISSED without prejudice.**

3.   That Clifton's motion for leave to conduct discovery (Doc. 118) and motion for leave to amend (Doc. 123) be **DENIED as moot.**

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **2nd** day of **July, 2026.**

_____**/s/ SONJA F. BIVINS**_____
**UNITED STATES MAGISTRATE JUDGE**

13